IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES of AMERICA                                    PLAINTIFF/RESPONDENT

V.                    No.  3:11-CR-30010-PKH
                      No.  3:12-CV-03097-PKH
IRZA ARRIZON                                                DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, *See ECF No.* 56 filed July 27, 2012, under 28 U.S.C. §2255. The Government filed its Response, *See ECF No.* 62 on August 27, 2012, and the Petitioner has not filed a Reply.

### I.  Background

Irza Arrizon ("Arrizon") was named in Counts One, Two, Four, and Five of a five-count Indictment filed in the Western District of Arkansas, Harrison Division, on November 2, 2011. (ECF No. 2). Counts One and Four charged her with conspiring to distribute methamphetamine, Count Two charged Arrizon with distributing methamphetamine, and Count Five charged her aiding and abetting in distributing methamphetamine. In addition, Arrizon was named in a Forfeiture Allegation filed with the Indictment stating she would forfeit any property derived from her violations and any proceeds obtained from her violations.

On February 13, 2012, Arrizon appeared with counsel for a change of plea hearing before the Honorable P. K. Holmes, III. (ECF No. 32). A written plea agreement was presented wherein Arrizon would plead guilty to Count Two of the Indictment. (ECF No. 33). The Court reviewed the agreement with Arrizon and she was advised of her rights and the penalties were set forth. A

factual basis was set forth to which Arrizon agreed and the Court accepted his plea. (ECF No. 33, ¶ 2; Change of Plea Hearing Tr., pp.11-13).

On March 22, 2012, the United States Probation Office in the Western District of Arkansas prepared Arrizon's Presentence Investigation Report (PSR). (ECF No. 42). The PSR assessed a Base Offense Level of 36. (PSR, ¶ 51). Arrizon received a 3-point reduction for acceptance of responsibility (PSR, ¶¶ 57 & 58) resulting in a Total Offense Level of 33. (PSR, ¶ 59). Arrizon had zero criminal history points which established her criminal history category as I. (PSR, ¶ 62). The resulting advisory guideline range was 135 to 168 months. (PSR, ¶ 82). Neither the United States nor Arrizon had any objections to the PSR. (See addendum to PSR).

On May 7, 2012, Arrizon appeared for sentencing. (ECF No. 41). The District Court adopted the advisory guideline range as set forth in the PSR and sentenced Arrizon to a middle-of- the guideline-range sentence of 150 months imprisonment, no term of supervised release, and $100 special assessment. (ECF No. 47). Counts One, Four, Five, and the Forfeiture Allegation were dismissed on motion by the United States. Arrizon did not appeal her conviction or sentence.

On July 27, 2012, Arrizon filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the § 2255 Motion) alleging her counsel performed deficiently for failing to: (1) to file a timely notice of appeal and (2) for failing to discuss her sentencing options, informing her she would receive a 5-year sentence by signing the plea agreement. (ECF No. 56).

## II.  Discussion

**A.  Ineffective Assistance of Counsel**

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

The court will address issues raised in the Defendant's Motion.

**1.  Ground 1:  Failure to File a Notice of Appeal**

The Defendant first contends that her attorney was ineffective because he failed to file a Notice of Appeal and that she requested one. (ECF No. 56, p. 4).

If an attorney has consulted with his client about an appeal, he will not be found

ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000). For such a claim to succeed, however, the client must show that he instructed his counsel to file an appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo* 2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007). A bare assertion by the petitioner that he made such a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. *Id*.

After sentencing by the court the Defendant was advised that she had the right to appeal the court's sentence but that it had to be filed within fourteen days from the date the judgment was entered. (ECF No. 61, p. 13). The Defendant's attorney has provided an affidavit that at no time did the Defendant express any wish, either orally or in writing, to appeal the judgment. (ECF No. 62-1, p. 3). There is no evidence that the Defendant contacted her attorney or the court concerning an appeal. The evidence is clear that the Defendant made no express request for an appeal.

If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Roe v. Flores-Ortega*, 528 U.S. 470 ,478 ( 2000). Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to

counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *Roe v. Flores-Ortega*, Id.

The Defendant did not reasonably demonstrate to her attorney that she desired to appeal but the question remains whether there was any reason to think that the Defendant would have wanted to appeal.

In consideration of the Defendant's Plea to Count II (Delivery of Methamphetamine) the Defendant's attorney secured the agreement by the Government to dismiss Count I (Conspiracy to Distribute more than 500 grams of Methamphetamine), Count IV (Conspiracy to Distribute Methamphetamine) and Count V (Aiding and Abetting in the Distribution of Methamphetamine). The Government also acknowledged at the time of sentencing that in light of the Defendant's plea the Government would not pursue any forfeiture allegation. (ECF No. 61, p. 9). This was an important consideration to the Plaintiff since the PSR listed three bank accounts, five parcels of real property and four vehicles. (PSR, ¶ 78).

The court went over in detail the sentencing range of 135 months to 168 months (ECF No. 61, p. 12) and the considerations that the court used in assessing the appropriate punishment. (Id., pp. 10-11).  The Defendant offered no objections to the PSR or voiced any objections at the time of sentencing. There does not appear any basis for the Defendant's attorney to assume that she would have wanted to appeal.

**2.  Ground Two: Sentencing Advice**

The Defendant next contends that her attorney was ineffective because he "failed to discuss sentencing options, and therefore informed me that I would receive a 5 year sentence if I signed the plea agreement, and I received 150 months".  (ECF No. 56, p. 5).

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). At the same time, an accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

In the instant prosecution, prior to entering her plea of guilty, Arrizon affirmed before the Court that her attorney had explained the consequences of her change of plea proceedings. (Change of Plea Tr., pp. 3 - 4). Thereafter, the Court reviewed and thoroughly advised Arrizon of the nature of the charges against her and confirmed she was agreeing to enter a guilty plea to Count II of the Indictment with the remaining counts being dismissed. (Id., pp. 5 - 7). Arrizon affirmed that the Plea Agreement had been read and interpreted to her so that she understood all the terms of the agreement and that no one had made any promises or assurances forcing her to sign the Plea Agreement. (Id., p. 7). The Court conveyed the maximum penalties Arrizon was pleading guilty to informing her that Count Two carried a maximum term of imprisonment up to 20 years, a maximum fine up to one million dollars, and a term of supervised release of not less than 4 years. (Id., p. 8). Arrizon affirmed she understood those possible consequences of the guilty plea. (Id., p. 9). Arrizon affirmed she had an opportunity to discuss the United States Sentencing Guidelines with her attorney, that she understood they are advisory, that the Court wouldn't be able to determine her sentencing range until the United States Probation Office had prepared a PSR, and that she understood the sentence imposed could be different than what her attorney estimated. (Id., p. 9). *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir.2009).

"[T]he law in this circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences. Thomas v. United States, 27 F.3d 321, 326 (8th Cir.1994).

Even if the court accepted the Defendant's contention that her attorney misadvised her concerning the sentencing range it would not entitle her to the relief requested. *Strickland*, 466 U.S. at 689; see also *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (stating that a defense attorney's good faith and mistaken evaluation of or prediction about the relative advantages of pleading guilty does not necessarily constitute ineffective assistance); Barnes, 83 F.3d at 939-40 (explaining what constitutes effective assistance when a defendant is considering a guilty plea and acknowledging that, although gross mis-characterization of the sentencing consequences of a plea may provide a strong indication of deficient performance, it is not proof of a deficiency). *U.S. v. Swayze* 2008 WL 859030, 12 (N.D.Iowa) (N.D.Iowa,2008)

The Eighth Circuit has stated that "a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence." *Quiroga*, 554 F.3d at 1155 (quoting *United States v. Granados*, 168 F.3d 343, 345 (8th Cir.1999) (per curiam)).  Here, the record is clear, Arrizon was informed as to the possible penalties she faced. The plea agreement Arrizon read and signed contained the mandatory maximum penalty she faced. (ECF No. 33, ¶ 10). Additionally, during Arrizon's change of plea hearing, the Court reviewed with her the statutory maximum term of imprisonment she faced. (Change of Plea Tr., p. 8). Arrizon informed the Court that she understood she was facing a sentence of up to 20 years imprisonment. (Id., p. 9).

The Defendant's attorney, who is fluent in Spanish, has filed an Affidavit stating that he "provided Irza Arrizon a copy of the federal sentencing guidelines and explained her offense level so that she was fully apprised of her sentence range" and that she "was not promised a sentence guarantee." (ECF No. 62-1, p. 2). The Defendant's attorney states that he went over every page of the plea agreement with the Defendant and that she initialed each page. The Plea Agreement does show the initials "I.A." and the date on each page.

The Plea Agreement contains a specific provision that states that the "defendant acknowledges that discussion have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussion merely attempt to guess at what appears to be the correct guideline range and do not bind the court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event hat the actual guideline range is greater than the parties expected, the defendant agrees that this does not give hin/her the right to withdraw his/her plea of guilty." (ECF No. 33, ¶14, p. 7). Page 7 of the Plea Agreement bears the Defendant's initials. Furthermore, at her change of plea hearing, she affirmed her understanding that the sentence imposed in her case could be different than what her attorney estimated. (Change of Plea Tr., p. 9).

The Defendant has made a conclusory allegation against her attorney that is unsupported by the record that he informed her she would receive a 60 month sentence. She was facing a statutory maximum term of imprisonment for 20 years and a Guidelines range of 135 to 168 months. She received a sentence of 150 months' imprisonment, a term of incarceration in the middle of her Guidelines range and 7 ½ years less than the statutory maximum term she could have received. Vague and conclusory allegations are not sufficient to state a ground for relief

under 28 U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.).  *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

There is no basis for the claim that the Defendant's attorney failed to adequately discuss sentencing option or that he promised she would receive a sentence of 60 months.

**3.  Ground Three: Lafler v. Cooper**

For her third point the Defendant merely states "Lafler vs. Cooper Case #10-209".  (ECF No. 56, p. 7).  The Defendant makes no argument or states how this case is relevant to her case and it is left to the court to speculate concerning what she means.

In Lafler, a defendant charged with assault with intent to commit murder and other charges was offered a plea agreement that included a recommendation for a sentence of 51 to 85 months. 132 S.Ct. at 1383. Counsel advised the Defendant to reject the offer because, counsel said, the prosecution could not establish intent to commit murder. Id. Both sides agreed that the advice was deficient. Id. at 1384. The Defendant proceeded to trial, was convicted and received a sentence of 185 to 360 months. Id. at 1383.

The court finds that the Lafler case has no relevance to the Defendant's Motion.

**4.  Ground Four: Missouri v. Frye Case  #10-444**

For her forth point the Defendant merely states "Missouri v. Frye Case  #10-444 ".  (ECF No. 56, p. 8).  The Defendant makes no argument or states how this case is relevant to her case and it is left to the court to speculate concerning what she means.

In Frye, a defendant (a repeat driving on revoked license offender) was charged with a felony providing a possible four year prison term. The prosecutor sent defendant's counsel a

letter proposing two possible plea agreements, under one of which there would be a misdemeanor plea with a recommendation of service of a 90 day sentence and under the other a plea to a felony with a recommendation of a 3 year sentence, no recommendation of probation but a recommendation of service of 10 days in jail. Id. at 1404. Counsel did not convey the offers to the defendant and they expired. Id. The defendant was then arrested again for driving on a revoked license and ended up pleading guilty without a plea agreement. Id. He received a three year prison sentence.

The court finds that the Frye case has no relevance to the Defendant's Motion.

**B. Evidentiary Hearing**

Finally, Petitioner does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000). A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998). "There is no requirement of a hearing where the claim [s] [are] based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988).

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C.

§2255 be dismissed with prejudice.

The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

IT IS SO ORDERED this 17th day of December 2012

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE