IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA             PLAINTIFF/RESPONDENT

V.     CASE NO.    3:11-cr-30010-PKH-MEF-1

IRZA ARRIZON             DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant/Petitioner's Motion for Minor Role Adjustment and Sentence Reduction Based on United States v. Quintero-Leyva and Pursuant to Amendment 794 and 28 U.S.C. § 2255. (Doc. 92) No service of the § 2255 Motion was authorized and, therefore, the United States of America has not filed a response. The matter is ready for Report and Recommendation.

### I. Background

On November 2, 2011, Defendant/Petitioner, Irza Arrizon ("Arrizon"), was named in an Indictment charging her with two counts of conspiracy to distribute a controlled substance, namely, methamphetamine (Counts I and IV), one count of distribution of methamphetamine (Count II), and one count of aiding and abetting the distribution of methamphetamine (Count V). (Doc. 2) Arrizon appeared for arraignment before the Hon. James R. Marschewski, United States Magistrate Judge, on November 17, 2011, at which time Arrizon entered a not guilty plea to each count of the Indictment. (Doc. 8)

On February 13, 2012, Arrizon appeared before the Hon. P. K. Holmes, III, Chief United States District Judge, for a change of plea hearing. (Doc. 32) Pursuant to a written Plea Agreement

(Doc. 33), Arrizon pleaded guilty to Count II of the Indictment charging her with distribution of methamphetamine.  (Doc. 32)  The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report.  (Doc. 32)

A Presentence Investigation Report ("PSR") was prepared on March 22, 2012.  (Doc. 42)  In it, Arrizon was held accountable for 1.24 kilograms of actual methamphetamine (Doc. 42, ¶ 46), and that resulted in a base offense level of 36 (Doc. 42, ¶ 51).  No victim-related, role in the offense, or obstruction of justice adjustments were made.  (Doc. 42, ¶¶ 52-55)  After a reduction of three levels for acceptance of responsibility (Doc. 42, ¶¶ 57, 58), Arrizon's total offense level was determined to be 33 (Doc. 42, ¶ 59).  Arrizon was found to have zero criminal history points, placing her in criminal history category I.  (Doc. 42, ¶ 62)  The statutory maximum term of imprisonment for the offense of conviction was 20 years.  (Doc. 42, ¶ 81)  Based on a total offense level of 33 and a criminal history category of I, the advisory guideline range for imprisonment was 135 to 168 months.  (Doc. 42, ¶ 82)  Arrizon made no objections to the PSR.  (Doc. 42, Addendum)

Sentencing was held on May 7, 2012.  (Doc. 41)  The Court made inquiry that Arrizon was satisfied with her counsel; final approval of the Plea Agreement was expressed; and, the Court imposed a guidelines sentence of 150 months imprisonment, no term of supervised release, and a $100.00 special assessment.  (Doc. 41)  Judgment was entered by the Court on May 7, 2012.  (Doc. 47)  Arrizon did not pursue a direct appeal from the Judgment.

On July 27, 2012, Arrizon filed her first *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Doc. 56)  Arrizon alleged four grounds, all relating to ineffective assistance of counsel.  (Doc. 56, pp. 4-8)  A Report and Recommendation by Judge Marschewski was submitted on December 17, 2012, in which he

recommended that Arrizon's § 2255 motion be denied and dismissed with prejudice. (Doc. 63) An Order adopting the Magistrate Judge's Report and Recommendation was entered by Chief Judge Holmes on March 4, 2013, and Arrizon's motion to vacate was denied. (Doc. 66)

Arrizon subsequently filed a *pro se* Motion to Reduce Sentence on January 12, 2015. (Doc. 74) Counsel was appointed to represent Arrizon in that proceeding, and her counsel filed an Unopposed Motion to Reduce Sentence Pursuant to Amendment 788 and 18 U.S.C. § 3582(c)(2) on May 22, 2015. (Doc. 75) An Order granting the motions to reduce sentence was entered by the Court on June 10, 2015, and Arrizon's sentence was reduced to 120 months imprisonment. (Doc. 79)

Arrizon then filed a *pro se* Motion to Correct Sentence on September 18, 2015. (Doc. 85) In her motion, Arrizon essentially challenged the Court's findings regarding relevant conduct in determining her base offense level under the United States Sentencing Guidelines. Finding that the Court was without authority to consider Arrizon's motion, the Court entered an Order denying the motion on October 16, 2015. (Doc. 88)

Arrizon then sought authorization from the United States Court of Appeals for the Eighth Circuit to file a second or successive application for relief under 28 U.S.C. § 2255. (Doc. 90) That request was denied by the Eighth Circuit on February 18, 2016. (Doc. 91)

Six months later, and without authorization from the Eighth Circuit, Arrizon filed her *pro se* Motion for Minor Role Adjustment and Sentence Reduction Based on United States v. Quintero-Leyva and Pursuant to Amendment 794 and 28 U.S.C. § 2255, which is now pending before this Court. (Doc. 92)

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Arrizon's § 2255 motion and the files and records of this case conclusively shows that this Court is without authority to consider the motion, and the undersigned recommends that the motion (Doc. 92) be dismissed with prejudice.

The Anti-Terrorism and Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, imposed procedural requirements on federal prisoners, like Arrizon, who wish to file "second or successive" motions to vacate their sentences. The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application. 28 U.S.C. § 2255 also provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244. A second or successive motion must be certified under 28

U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir. 2000).

The Eighth Circuit has indicated that when, as in this case, a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, a district court lacks jurisdiction to entertain the § 2255 motion. *United States v. Matlock*, 107 Fed.Appx. 697, 2004 WL 1809451 (8th Cir. Aug. 13, 2004) ("[t]he district court properly dismissed the motion"); *Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732 (8th Cir. 2000) (the district court lacked the power and authority to entertain the defendant's second or successive § 2255 motion and the Eighth Circuit Court of Appeals remanded the case with directions to dismiss the motion for lack of jurisdiction).

Arrizon's current motion is a "second or successive" § 2255 motion as she has previously filed a motion pursuant to § 2255 (Doc. 56), which the Court denied on March 4, 2013. (Doc. 66) As such, this Court has no jurisdiction to consider Arrizon's current motion absent an appropriate certification from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because this Court has not been authorized by the Eighth Circuit Court of Appeals to consider a second or successive § 2255 motion, this Court must either dismiss the instant action or transfer it to the Eighth Circuit Court of Appeals. *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. *See* 28 U.S.C. § 2244. Here, it would not be in the interests of justice to transfer the matter to the Court of Appeals for the Eighth Circuit for authorization as a second or successive filing under § 2255. This is because Arrizon does not assert (1) any newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found her guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h); *Washington v. Delo*, 51 F.3d 756, 759 (8th Cir. 1995) (claims in a later petition are properly dismissed either as successive, if they have been heard and decided on the merits in a previous petition, or as an abuse of the writ, if they were not previously raised but should have been) (*citing Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)). Accordingly, the undersigned recommends dismissal of Arrizon's pending § 2255 motion.

### III. Conclusion

For the reasons discussed above, the undersigned recommends that Arrizon's Motion for Minor Role Adjustment and Sentence Reduction Based on United States v. Quintero-Leyva and Pursuant to Amendment 794 and 28 U.S.C. § 2255 (Doc. 92) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of August, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE